Argued March 3, reversed and remanded as to defendant Malin
Grain and Feed Company April 15, 1970

DOKKEN, *Appellant, v.* RIEGER ET AL,
*Respondents.*

467 P. 2d 968

*Hal F. Coe,* Klamath Falls, argued the cause for appellant. With him on the brief were Beesley & Coe, Klamath Falls.

*H. F. Smith,* Klamath Falls, argued the cause and filed a brief for respondent Malin Grain and Feed Company.

No appearance for respondents Rieger and Jones.

TONGUE, J.

This is an action for personal injuries to a passenger in a car. The injuries were sustained when the car ran into a truck which had run out of gas and was standing on the paved portion of a highway at night, with its taillights on, but without "blinking" taillights and also without flares, reflectors or other warning signals or devices.

At the end of plaintiff's case both defendants, including the driver of the car and the owner of the truck, moved for involuntary nonsuits. Plaintiff conceded that the evidence was insufficient as to the driver of the car, but contended that there was sufficient evidence to go to the jury as to the owner of the truck. The trial court, however, entered judgments of involuntary nonsuit in favor of both defendants. Plaintiff appeals from the judgment in favor of the owner of the truck, Malin Grain and Feed Company.

According to the testimony offered by plaintiff, he was an employee of defendant Rieger, the driver of the car, and was a passenger in his car when Rieger undertook to take gasoline to the driver of the dump truck owned by defendant Malin Grain and Feed Company upon being informed that the truck had run out of gasoline. As Rieger's car proceeded at a speed of between 45 and 50 miles per hour down a straight stretch of highway, at night and with its lights on,

both Rieger and plaintiff saw the taillights of a vehicle some distance ahead. At that time the taillights were not blinking and they were both under the impression that the vehicle was moving and did not realize that it was the stalled dump truck. As they neared the truck, another vehicle approached from the opposite direction, with its headlights in their eyes. They did not see that the vehicle ahead of them was the truck until they were less than a hundred feet away. Because of the approaching car Rieger was unable to swerve around the truck and collided with it at a speed of between 25 and 30 miles per hour, throwing plaintiff's head through the windshield.

At that time the dump truck was stopped with all of its wheels on the paved portion of the highway, which was twenty feet wide. The truck was eight feet wide. There was also a three foot shoulder on the highway.

The truck was equipped with "blinking" taillights, but they were not "blinking" at that time. The truck was also equipped with flares or reflectors, but the driver had not set them out on the highway. He made no attempt to warn oncoming traffic, but was sitting in the truck at the time of the accident.

Plaintiff's amended complaint alleged that the owner of the truck was negligent 1) in "abandoning and leaving" the truck "in the middle of the road", 2) in "leaving a parked vehicle in a roadway without adequate warning", 3) in "failing to set out warning signals on the highway", and 4) in "parking" the vehicle "in the lane of traffic reserved for moving vehicles."

Defendant contends that the truck was not "abandoned"; that it was not "in the middle of the road";

that the taillights of the truck provided "adequate warning", which plaintiff and his employer saw, but "chose to ignore"; that the truck was not "parked", but "ran out of gasoline, and stopped on the roadway"; that there was no evidence of a breach of ORS 483.362 or 483.402 (parking on a highway) or ORS 483.456 (flares for trucks or busses); that, in any event, there was no "affirmative evidence to establish the probability of defendant's alleged negligence as being a proximate cause of plaintiff's damages", and that the facts are "as consistent with defendant's theory of nonliability as with plaintiff's theory that this defendant was negligent."

We hold, however, that there was ample evidence in this case from which a jury could properly find that the driver of the truck was negligent, as a matter of common law, if not by statute, and that such negligence was a proximate cause of the accident. Thus, regardless of whether the truck was "abandoned", whether it was "in the middle of the road", whether it was "parked", or whether its taillights were on and were visible to plaintiff and the driver of the car, there was ample evidence from which the jury could find that when the truck stopped it was wholly on the paved portion of the highway and occupied most of its right lane, and that the driver was then negligent in not turning on the "blinker" taillights and in not putting out flares or reflectors or otherwise attempting to warn approaching traffic. The jury could also properly find that even though plaintiff and the driver of the car saw the taillights as they approached, they did not realize that the taillights were those of the stalled truck or of any other vehicle stopped on the highway, but acted reasonably in proceeding until they realized that the

taillights were those of the stalled truck, and that it was then too late to avoid the accident. Finally, the jury could properly find that they would not have done so had the truck driver turned on the "blinker" lights, put out flares or reflectors, or given any other warning, instead of sitting in the cab of his truck.

This is not a case in which "the evidence offered will support two or more conclusions, one of which will prove the nonliability of the defendant", as contended by counsel. This may be the rule applicable to a case in which the evidence offered will *equally* support two or more conclusions. In this case, however, the jury could properly find from the evidence offered by plaintiff that it was *more probable.* that the defendant was negligent and that such negligence was a proximate cause of the accident, than otherwise. *Cowgill v. Boock,* 189 Or 282, 292, 218 P2d 445, 19 ALR2d 405 (1950).

Under the facts of this case both the questions of negligence and proximate cause should have been submitted to the jury.

Reversed and remanded as to defendant Malin Grain and Feed Company.