Argued July 9, affirmed August 11, 1971

# DAWKINS, *Appellant, v.* TRUAX OIL COMPANY ET AL, *Respondents.*

487 P2d 882

*James W. Lock,* Gresham, argued the cause for appellant. With him on the brief were Burns & Lock, Gresham.

*Thomas S. Moore,* Portland, argued the cause for respondents. With him on the brief were Morrison & Bailey, Portland.

Before O'CONNELL, Chief Justice, and HOLMAN, HOWELL and BRYSON, Justices.

HOWELL, J.

This is an appeal by plaintiff from a judgment in favor of defendant based on a jury verdict in an action for personal injuries.

The accident, which involved two trucks, occurred at 6 a.m. on December 22, 1967, in a mountainous area in central Oregon, near the Crescent Lake junction on Highway 58. The highway was covered with packed snow and ice and, as it was still dark, both trucks had their lights on. The truck belonging to defendant Truax Oil Company and driven by defendant Groat was traveling eastward on Highway 58 carrying a load of gasoline. Groat had previously stopped to put on chains, and then stopped again at the scene of the accident to tighten one of the chains that had loosened. The snow was banked four to five feet high on the shoulder of the highway, and the defendant's truck was parked on its right-hand side of the highway.

The plaintiff was traveling west without chains and, as he approached the area east of the accident,

he noticed that the highway was becoming slippery. As he reached the crest of a grade 874 feet east of defendant's parked truck and started down the grade, he saw the headlights of defendant's truck. He also saw marker lights across the top of the truck plus "four-way signals" and amber flashing lights—"caution lights." Believing there was an accident, the plaintiff geared down from his previous speed of 40 to 45 miles per hour. The plaintiff's trailer started "sliding off" and his truck collided with defendant's truck, causing plaintiff's injuries.

Plaintiff presents several assignments of error, some of which are devoted to charges that the court erred in striking various allegations of negligence in plaintiff's complaint. Others relate to the admissibility of certain evidence and failure of the court to give certain instructions.

The plaintiff alleged that the defendant was negligent in stopping the truck on the highway without "providing proper lights for warning oncoming traffic," and in stopping without "posting and placing flares or lanterns in front of, on the side of and to the rear of said truck." The court struck these allegations and refused to submit them to the jury and also refused to give one of the plaintiff's instructions regarding the same allegations of negligence.

1. According to his own testimony, plaintiff saw the defendant's lights as he crested the hill 874 feet away, which was as soon as the lights could be seen considering the topography of the highway. Assuming that additional lights or flares were required as plaintiff contends, we agree with the trial court that the lack of other lights or flares could not possibly have been a proximate cause of the collision, because

there is no evidence that the plaintiff would have acted differently. The case of *Dokken v. Rieger*, 255 Or 433, 467 P2d 968 (1970), cited by plaintiff, is not applicable. There, the defendant's truck was stopped in plaintiff's lane of traffic on the highway. The truck was equipped with blinking taillights, but they were not operating at the time, and plaintiff believed that the truck was moving. In the instant case, defendant's truck was stopped, not in the plaintiff's lane of traffic, but on the opposite side of the highway. When plaintiff crested the hill he believed that an accident had occurred where defendant was stopped. The two cases are readily distinguishable.

The plaintiff also charged the defendant with negligence "in stopping defendant's truck in a position on Highway 58 which did not provide adequate clearance for the passage of plaintiff's truck or adequate visibility of defendant's truck." The plaintiff contends the trial court erred in removing this allegation from consideration of the jury.

2. We have already discussed the question of the visibility of defendant's truck. In regard to adequate clearance, the record shows that the collision occurred in defendant's lane of traffic. The plaintiff admitted that the left front portion of defendant's truck was located about halfway between the snow bank and the center of the highway. The trial court correctly removed this allegation from the jury's consideration.

We have considered the plaintiff's other assignments of error and they are without merit. Also, we have carefully read the entire transcript. The case was fairly tried and the jury adequately instructed.

Affirmed.